# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Eric Weinstein,                              )    No. CV 10-697-PHX-JAT (JRI)
                                             )
       Plaintiff,                      )    **ORDER**
                                             )
vs.                                          )
                                             )
Joseph M. Arpaio, et al.,                    )
                                             )
       Defendants.                    )
                                             )
                                             )

## I.  Procedural History

On November 10, 2009, Plaintiff Eric Weinstein, who is confined in the Maricopa County Fourth Avenue Jail, filed a Complaint in the Superior Court of Maricopa County, Arizona, against Defendants Joseph M. and Ava Arpaio, Maricopa County, and a variety of fictitiously named defendants. On March 26, 2010, Defendants, who are represented by attorneys Maria R. Brandon and S. Lee White, filed a Notice of Removal.

In an April 2, 2010 Order, the Court dismissed without prejudice Plaintiff's Complaint because he had not filed it on a court-approved form. The Court gave Plaintiff 30 days to file an amended complaint on a court-approved form. On May 3, 2010, Plaintiff filed a First Amended Complaint. In a May 12, 2010 Order, the Court dismissed the First Amended Complaint, concluding that Plaintiff's 21-count, 29–page First Amended Complaint failed to comply with Local Rule 3.4(a) because it greatly exceeded the page limitation set forth in

**JDDL**

the instructions attached to the court-approved Complaint form and included information about multiple counts on a single page. The Court also noted that many of Plaintiff's claims did not assert specific conduct by a specific defendant and that his conclusory allegations that "Defendants" have violated his rights were insufficient to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint.

On June 2, 2010, Plaintiff filed a "Motion to Alter or Amend Judg[]ment or in the Alternative, Motion for Appointment of Counsel and Motion for Extension of Time" (Doc. #8). On June 4, 2010, Defendants filed a Response, indicating that they take no position on Plaintiff's Motion.

## II. Pending Motion

Plaintiff has filed his Motion pursuant to Rules 59(e) and 6(b)(1) of the Federal Rules of Civil Procedure and U.S.C.§1915(e)(1). Plaintiff claims that he substantially complied with Local Rule 3.4(a) because the Local Rule does not specifically limit him to single-sided pages. He also claims that Local Rule 3.4(a), as applied, conflicts with the United States Constitution, the Federal Rules of Civil Procedure, Acts of Congress, and Rules of Procedure and Practice prescribed by the Supreme Court; "erects an unnecessary procedural barrier"; creates an obstacle to "the facilitation of a proper decision of Plaintiff's Complaint on the merits"; appears to conflict with Federal Rule of Civil Procedure 10(b), which does not contain a page limitation; interferes with his First Amendment right to petition the court for a redress of grievances; and denies Plaintiff equal protection of the law because non-incarcerated filers are not subject to the Local Rule. He also claims that his First Amended Complaint could not be "abated to the fifteen (15) additional, single-sided pages, . . . without eliminating significant causes of action essential to Plaintiff's action."

Plaintiff seeks an order permitting him to exceed the page limitation in the instructions attached to the court-approved form. Alternatively, Plaintiff requests that the Court appoint counsel for him. Plaintiff also seeks a 30-day extension of time, from the time the Court rules on his Motion, to file his second amended complaint.

**A. Rule 59(e)**

Plaintiff cannot bring his motion pursuant to Rule 59(e) because no judgment was entered and the Court's May 12th Order dismissing without prejudice the First Amended Complaint is not an appealable interlocutory order. See Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466 (9th Cir. 1989) (noting that Rule 59(e) only applies to final judgments and appealable interlocutory orders). However, the Court, in its discretion, will review Plaintiff's Motion as a motion for reconsideration pursuant to Local Rule of Civil Procedure 7.2(g).

**B. Motion for Reconsideration**

"Motions to reconsider are appropriate only in rare circumstances." Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

The Court finds meritless Plaintiff's claim that he has substantially complied with Local Rule 3.4(a) because the rule does not specifically limit him to single-sided pages. Even if Plaintiff writes on both sides of the page, each side is considered a single page. Moreover, the instructions specifically inform Plaintiff that, "[i]f you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page." As the Court noted in its May 12th Order, Plaintiff's First Amended Complaint includes information about multiple counts on a single page.

The Court is authorize by Congress to create and enforce local rules. See 28 U.S.C. § 2071. "Federal courts have broad inherent powers 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Sherman v. United States, 801 F.2d 1133, 1135 (9th Cir. 1986) (quoting Link v. Wabash Railroad Co., 370 U.S. 626, 630-31

(1962)). Local Rule 3.4(a) and the page limitation in the instructions attached to the court-approved form are part of the District Court's efforts to manage its docket and allocate its limited judicial resources. The page limitation is also consistent with Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim."

"Although prisoners have a constitutional right of access to the courts, the standard for access to the courts is 'meaningful access' rather than total or unlimited access. Certainly, there is no requirement that local rules be suspended for every *pro se* plaintiff." Fixel v. United States, 737 F. Supp. 593, 596 (D. Nev.1990) (citations omitted).[1] In addition, inmates are not members of a suspect class for equal protection purposes. Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998).

The Court has reviewed Plaintiff's First Amended Complaint, the Court's May 12th Order, and Plaintiff's Motion to Alter or Amend. The Court finds no basis to reconsider its decision. Thus, the Court will deny Plaintiff's Motion for Reconsideration.

### C. Motion for Page Extension

Plaintiff has also requested an extension of the page limitation. The Court, in its discretion, will grant a limited extension of the page limitation. Plaintiff contends that he has 21 causes of action that he wishes to present. The Court will permit Plaintiff to file one single-sided page per claim. He may not raise additional causes of action. In all other respects, Plaintiff must comply with the instructions attached to the court-approved form.

### D. Motion for Appointment of Counsel

There is no constitutional right to the appointment of counsel in a civil case. See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional

---

[1] In Fixel, one of the *pro se* complaints had been dismissed because the plaintiff had failed to stay within the page limit requirement in the court's local rules.

1  circumstances requires an evaluation of the likelihood of success on the merits as well as the
2  ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue
3  involved. Id. "Neither of these factors is dispositive and both must be viewed together
4  before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th
5  Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

### E. Motion for Extension of Time

The Court, in its discretion, will grant Plaintiff's motion for an extension of time. The Court will give Plaintiff 30 days from the filing date of this Order to file a second amended complaint.

## III. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion to Alter or Amend Judg[]ment or in the Alternative, Motion for Appointment of Counsel and Motion for Extension of Time" (Doc. #8) is **granted in part and denied in part** as follows:

    (a) Plaintiff's motion to alter or amend judgment is **denied**;

    (b) Plaintiff's motion for a page extension is **granted**;

    (c) Plaintiff's motion for appointment of counsel is **denied** without prejudice; and

    (d) Plaintiff's motion for extension of time is **granted**.

(2) Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(3) Plaintiff may file a second amended complaint that contains one single-sided page for each of the 21 claims he wishes to present. In all other respects, Plaintiff must comply with the instructions attached to the court-approved form.

(4) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

DATED this 11th day of June, 2010.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge