**WO**                                                                                                               MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Weinstein, | ) No. CV 10-697-PHX-JAT (JRI) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph M. Arpaio, et al., | ) |
| Defendants. | ) |

On September 15, 2010, Plaintiff Eric Weinstein, who is confined in the Maricopa County Fourth Avenue Jail, filed a Motion to Alter or Amended Judgment and/or Motion for Leave to File an Amended Complaint (Doc. 20). Plaintiff's Motion is brought pursuant to Federal Rules of Civil Procedure 15(a) and 59(e).

**I.     Motion to Alter or Amend Judgment**

Plaintiff seeks to alter or amend the Court's August 13, 2010 Order. In that Order, the Court dismissed without prejudice Counts One, Three through Ten, Twelve through Fourteen, Sixteen, Seventeen, Nineteen, Twenty, and Twenty One of Plaintiff's Second Amended Complaint. The Court also dismissed without prejudice all fictitiously named defendants other than John Doe Supervisors III, IV, and VIII; Jane Doe Supervisor IV; John and Jane Doe Officers IV; John Doe VII; and Jane Doe X. The Court concluded that, liberally construed, Plaintiff had stated a claim in Count Two of the Second Amended Complaint against Defendants Arpaio and John Doe Supervisors III and IV; in Count Eleven

against Defendant Arpaio; in Count Fifteen against Defendants John Doe Supervisor VIII, Jane Doe Supervisor IV, John and Jane Doe Officers IV, John Doe VII, and Jane Doe X; and in Count Eighteen against Defendants Arpaio and Maricopa County. The Court required Defendants Arpaio and Maricopa County to file an Amended Answer.

Plaintiff cannot bring his motion pursuant to Rule 59(e) because no judgment was entered and the Court's August 13, 2010 Order is not an appealable interlocutory order. See Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466 (9th Cir. 1989) (noting that Rule 59(e) only applies to final judgments and appealable interlocutory orders). The Order is not an interlocutory order generally appealable under 28 U.S.C. § 1292(a), and the Court did not provide the statement necessary to make the Order an interlocutory order appealable under 28 U.S.C. § 1292(b). Cf. Anderson v. Allstate Ins. Co., 630 F.2d 677, 680 (9th Cir. 1980) ("Because the orders appealed from dismiss the action as to only some of the defendants, it is clear that they were not final orders pursuant to 28 U.S.C. § 1291 at the time they were entered. Moreover, plaintiffs did not obtain the interlocutory certificate required by Fed. R. Civ. P. 54(b). Under these circumstances [the appellate court is] ordinarily precluded from assuming jurisdiction.").

Moreover, the Court will not consider the Motion as a motion for reconsideration pursuant to Local Rule of Civil Procedure 7.2(g). Local Rule of Civil Procedure 7.2(g)(2) states that "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." The Order was filed on August 13, 2010, and Plaintiff's Motion was filed, at the earliest, on September 9, 2010.[1] Plaintiff's motion, therefore, is untimely under Local Rule 7.2(g)(2), and Plaintiff has not proffered any good cause for his untimely filing.

---

[1] Under the "prison mailbox rule," a document is deemed "filed" when delivered by the prisoner to a prison official for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Faile v. Upjohn Co., 988 F.2d 985, 988-89 (9th Cir. 1993), disapproved of on other grounds in McDowell v. Calderon, 197 F.3d 1253 (9th Cir. 1999). Plaintiff signed his motion on September 9, 2010, and, therefore, that is the earliest date he could have delivered the motion to prison officials.

## II. Motion for Leave to Amend

In the alternative, Plaintiff has sought leave to amend his Second Amended Complaint. The Court will deny this request, without prejudice, because Plaintiff has failed to comply with Local Rule of Civil Procedure 15.1. That Rule states, in relevant part, that

> [a] party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading is not to incorporate by reference any part of the preceding pleading, including exhibits.

Plaintiff is not precluded from filing a new motion pursuant to Rule 15 of the Federal Rules of Civil Procedure, but he must comply with Local Rule of Civil Procedure 15.1.

**IT IS ORDERED:**

(1) The reference to Magistrate Judge Jay R. Irwin is **withdrawn only** with respect to Plaintiff's Motion to Alter or Amended Judgment and/or Motion for Leave to File an Amended Complaint (Doc. 20).

(2) Plaintiff's Motion to Alter or Amended Judgment and/or Motion for Leave to File an Amended Complaint (Doc. 20) is **denied**.

(3) All other matters **must remain** with Magistrate Judge Jay R. Irwin for disposition as appropriate.

DATED this 21st day of September, 2010.

James A. Teilborg
United States District Judge